UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHINWE ATUEGWU,<br><br>*Plaintiff,*<br><br>v.<br><br>ESSEX COUNTY COLLEGE,<br><br>*Defendant.* | Civil Action No. 18-15335<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Chinwe Atuegwu seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis*, but **DISMISSES** her Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that [s]he is unable to pay the costs of [her] suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff has sufficiently established her inability to pay the costs of her suit and the Court grants her application to proceed *in forma pauperis* without prepayment of fees or costs.

When allowing a plaintiff to proceed *in forma pauperis*, a court must review the complaint and dismiss the action if it determines that the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief against a defendant who is

immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotations and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

2

I.  FACTUAL BACKGROUND

The following facts are taken from Plaintiff's Complaint and exhibits attached thereto. Plaintiff sues Essex County College for alleged wrongdoing that occurred at the school on October 3, 2017. Compl. at 3. Plaintiff alleges that she was at Essex County College "to use the computer as [a] student" but concedes that she was not registered as a student. D.E. 1-2. Plaintiff claims that a woman approached her and asked to her to move to a different room. *Id.* Plaintiff complied, but as she proceeded to the other room, an Essex County College police officer[1] stopped her and told her that she was trespassing. *Id.* Plaintiff then claims that she left the school premises to go to the state library, but as Plaintiff proceeded to the library, "Mr. Roquiez" took a photograph of her with his cell phone. *Id.* As a result, Plaintiff "rebuke[d] him" and "ran out of the place." *Id.* Thereafter, it appears that a different police officer instructed Plaintiff to return to the school and informed Plaintiff that she should cooperate. *Id.* Plaintiff then claims that she was handcuffed and dragged back to the school by a group of unidentified police officers and subsequently held at the Essex County College police office, where she was further handcuffed to a chair by her hands and legs. *Id.* Plaintiff asserts that she asked to be released, which the unidentified officers declined to do until another officer[2] returned to the office. *Id.* Plaintiff then claims that she "pick[ed] up [her] phone and call[ed] 9-1-1," after which the police officers released her. *Id.* Plaintiff subsequently filed her Complaint on October 25, 2018, asserting various claims against Essex County College. Compl. at 2-3.

---

[1] Plaintiff identifies the man who stopped her as "Mr. Roquiez." D.E. 1-2. The Court assumes for purposes of this Opinion that "Mr. Roquiez" is associated with the Essex County College Police Department because Plaintiff refers to "Mr. Roquiez" together with "his team of police officers and security men." Compl. at 3.

[2] This police officer is identified as "WOODARD C." D.E. 1-2.

3

## II. LAW AND ANALYSIS

The Court construes Plaintiff's Complaint liberally with respect to subject matter jurisdiction. "In order to establish a basis for subject matter jurisdiction in federal court, a plaintiff's claims must establish either federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332." *Gencarelli v. New Jersey Dep't of Labor & Workforce Dev.*, No. 15-3405, 2015 WL 5455867, at *1 (D.N.J. Sept. 16, 2015) (citing *Hines v. Irvington Counseling Ctr.*, 933 F. Supp. 382, 387 (D.N.J. 1996)). The burden is on Plaintiff to prove that the Court has jurisdiction. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003).

Here, Plaintiff states that her claims are brought pursuant to federal question jurisdiction. Compl. at 2. To establish a claim under federal question jurisdiction, Plaintiff must allege a "civil action[] arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In liberally construing the Complaint, it appears that Plaintiff is asserting claims against Essex County College pursuant to 42 U.S.C. § 1983 due to the actions of several of its police officers. Accordingly, the Court construes Plaintiff's Complaint as asserting claims against both Essex County College and individual police officers of the Essex County College Police Department.

### A. Section 1983 Claims Against Essex County College

Plaintiff appears to assert claims against Essex County College pursuant to 42 U.S.C. § 1983, which provides individuals with a cause of action for certain violations of constitutional rights. To state a claim under Section 1983, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J.

4

Apr. 14, 2015). A local governmental entity like Essex County College[3] is considered a "person" within the meaning of Section 1983. *See Peters v. Del. River Port Auth. of Pa. & N.J.*, 16 F.3d 1346, 1352 (3d Cir. 1994). However, a local governmental entity cannot be held liable under a theory of *respondeat superior*. *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691 (1978). Rather, to hold such a defendant liable, a plaintiff must demonstrate that the alleged violation of rights was caused by a municipal policy or custom. *Id.*

To state a claim based on a municipal policy or custom, a plaintiff must identify a policy or custom that "violates the Constitution or . . . while not unconstitutional itself, is the moving force behind the constitutional tort of one of its employees." *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014) (quoting *Colburn v. Upper Darby Township*, 946 F.2d 1017, 1027 (3d Cir. 1991)). In other words, a plaintiff must show that the local governmental entity affirmatively proclaimed a policy or acquiesced in a widespread custom that caused the constitutional violation. *Watson v. Abington Township*, 478 F.3d 144, 155-56 (3d Cir. 2007). A plaintiff may establish a custom "by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). In addition, "a custom requires 'knowledge and acquiescence' by the decisionmaker." *Hashem v. Hunterdon County*, No. 15-8585, 2016 WL 5539590, at *22 (D.N.J. Sept. 29, 2016) (quoting *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996)).

---

[3] It appears from the Court's limited inquiry that Essex County College is a public community college associated with Essex County, New Jersey. As a result, the Court assumes for purposes of this Opinion that Essex County College is a local governmental entity. *See Parker v. Sch. Dist. of Philadelphia*, 346 F. Supp. 3d 738, 745 (E.D. Pa. 2018) ("The liability of a municipality – in this case, the [School District of Philadelphia] – under 42 U.S.C. § 1983 is governed by *Monell*[.]").

Here, Plaintiff does not appear to allege that Essex County College had an official policy that was purportedly unconstitutional. Accordingly, Plaintiff's Complaint is best construed as stating a claim based on Essex County College police officers' custom of making unlawful arrests or using excessive force. But even construing the Complaint liberally, Plaintiff fails to sufficiently state a claim. Plaintiff pleads facts regarding a single incident, but this one incident is not enough to establish the existence of an entity-wide custom that was so well-settled and permanent that it constituted law. *See, e.g., Gaymon v. Esposito*, No. 11-4170, 2012 WL 1068750, at *7 (D.N.J. Mar. 29, 2012) (dismissing *Monell* claim because there was "no basis to infer that excessive force was used on anyone except the Decedent"). Moreover, Plaintiff does not suggest that any decisionmaker of Essex County College was aware of any such custom of improper conduct by Essex County College police officers. *See Hashem*, 2016 WL 5539590, at *23. Accordingly, Plaintiff's Section 1983 claims against Essex County College are dismissed.

### B. Section 1983 Claims Against Individual Essex County College Police Officers

The Court also construes the Complaint to assert Section 1983 claims for unlawful arrest and false imprisonment against individual Essex County College police officers.[4]

"An arrest made without probable cause creates a cause of action for false arrest under 42 U.S.C. § 1983." *O'Connor v. City of Philadelphia*, 233 F. App'x 161, 164 (3d Cir. 2007) (citing *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988)). "Probable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *United States v. Myers*, 308 F.3d 251, 255 (3d Cir.

---

[4] While no individual Essex County College police officers are actually named as defendants, Plaintiff does refer to what are presumably Essex County College police officers throughout her Complaint. Compl. at 3; *see also* D.E. 1-2.

6

2002). In determining whether a police officer had probable cause to arrest, a court must review the totality of the circumstances of the events leading up to the arrest and must do so from the "standpoint of an objectively reasonable police officer[.]" *Id.* (citation omitted). Moreover, "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Groman v. Township of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995) ("A false imprisonment claim under § 1983 which is based on an arrest made without probable cause is grounded in the Fourth Amendment's guarantee against unreasonable seizures.").[5]

Here, however, Plaintiff's complaint contains serious defects regarding group pleading. Indeed, mere "conclusory allegations against defendants as a group" which "fail to allege the personal involvement of any defendant" are insufficient to survive a motion to dismiss. *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015). A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Id.* When several defendants are named in a complaint, plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "*which* [d]efendants engaged in what wrongful conduct." *Falat v. County of Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013) (emphasis in original). Put simply, a complaint that contains "impermissibly vague group pleading" will be dismissed. *Id.* at *11.

While Plaintiff identifies "Mr. Roquiez" as the officer who informed her that she was trespassing and took a photograph of her, Plaintiff does not allege that "Mr. Roquiez" himself engaged in any unlawful conduct. Rather, the entirety of Plaintiff's complaint is devoid of any

---

[5] The Court notes that as to probable cause, it appears that Plaintiff admits that she was in fact trespassing at Essex County College.

allegations that "establish each individual [d]efendant's liability for the misconduct alleged." *Galicki*, 2015 WL 3970297, at *2. Indeed, Plaintiff alleges that after she left the school, "a security man ran up to [her and told her] that [she had] to come back to the school [and] that [she] should [cooperate] with them." D.E 1-2. Plaintiff then alleges that "right away others came and they hand[cuffed] [her] and drag[ged] [her] back to the school." *Id.* Thereafter, Plaintiff claims that while she was at the Essex County College police office, "they hand[cuffed] [her] to their chair [by] both hands and leg[s]" and "kept [her] there for a long time[.]" *Id.* Plaintiff concludes by alleging that the unidentified officers would not permit her to leave until "a security lady WOODARD C." returned to the police office. *Id.* "It was at that moment that [Plaintiff] decide[d] to call 9-1-1," after which the unidentified police officers released her. *Id.* In sum, Plaintiff fails to allege any facts as to the personal involvement of any specific police officers in the alleged wrongful conduct. *See Falat*, 2013 WL 1163751, at *3 (explaining that a plaintiff "must specifically allege *which* [d]efendants engaged in what wrongful conduct") (emphasis in original). Even construing the Complaint as asserting claims against individual Essex County College police officers, Plaintiff fails to specifically establish any individual defendant's actions that contributed to the alleged violations. Accordingly, Plaintiff's Section 1983 claims against the individual Essex County College police officers are dismissed.

### C. Tort Claims

Plaintiff also appears to assert a claim pursuant to the Federal Tort Claims Act ("FTCA"),[6] as well as state law tort claims for intentional infliction of emotional distress, harassment, and assault. This Court's subject matter jurisdiction, however, is premised on Plaintiff's Section 1983

---

[6] To the extent Plaintiff is attempting to bring a claim pursuant to the FTCA, neither Essex County College nor its police officers are federal governmental employees. Accordingly, Plaintiff's FTCA claim is dismissed.

8

and FTCA claims, which have been dismissed. *See* Compl. at 3 (stating that the basis for federal court jurisdiction is "Federal Question"). While the Court has supplemental jurisdiction over the state law tort claims pursuant to 28 U.S.C. § 1367(a), Section 1367(c) gives district courts discretion to decline to hear state law claims that they would otherwise have supplemental jurisdiction over through Section 1367(a). Specifically, Section 1367(c)(3) provides that a "district court[] may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." When federal claims are dismissed at an early stage of litigation, courts generally decline to exercise supplement jurisdiction over the remaining state-law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Here, at the earliest possible stage of the proceedings, the Court is dismissing Plaintiff's Section 1983 and FTCA claims, which provided the Court with federal question jurisdiction. As a result, the Court will use its discretion pursuant to Section 1367(c) and decline to exercise its supplemental jurisdiction at this time. Therefore, Plaintiff's state law tort claims are also dismissed for lack of subject matter jurisdiction.

## III. CONCLUSION

In sum, the Court dismisses all of Plaintiff's claims. When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party, or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Because Plaintiff is proceeding *pro se* and this is the Court's initial screening, the Court will provide Plaintiff with one additional opportunity to file an amended

9

complaint. Therefore, the Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. If Plaintiff is proceeding pursuant to a legal theory other than those discussed herein, she must set forth the basis for her claim and provide plausible factual allegations to support the claim. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty (30) days, the dismissal will then be with prejudice.[7]

For the foregoing reasons, and for good cause shown,

IT IS on this 5th day of December, 2019,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice**; and it is further

**ORDERED** that Plaintiff may file an amended complaint within thirty (30) days of the date of this Opinion and Order, curing the deficiencies noted herein. If Plaintiff fails to file an amended complaint within thirty (30) days, dismissal of this case shall be with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall serve this Opinion and Order upon Plaintiff by regular and certified mail return receipt.

JOHN MICHAEL VAZQUEZ, U.S.D.J.

---

[7] A dismissal with prejudice means that Plaintiff will not be able to bring any future action against Essex County College or its police officers based on the allegations in the case.

10